GIBEAUT, MAHAN & BRISCOE
GARY ROBERT GIBEAUT, ESQ. (State Bar No. 70951)
NANCY MAHAN-LAMB, ESQ. (State Bar No. 117997)
HANS ALBERT GILLINGER, ESQ. (State Bar No. 243973)
   hans@gillinger.com
KAREN J. MANABO, ESQ. (State Bar No. 274527)
6701 Center Drive West, Suite 611
Los Angeles, California 90045
Telephone: (310) 410-2020 ♦ Facsimile: (310) 410-2010

Attorneys for Defendants, MORGAN HILL UNIFIED SCHOOL DISTRICT, DR. JAY TOTTER, DR. THOMAS FRIED, and CHRISTOPHER RIZZUTO


RUDERMAN AND KNOX
CHRISTIAN KNOX, ESQ.
2020 Hurley Way, Suite 405
Sacramento, California 95825
Telephone: (916) 563-0100 ♦ Facsimile: (916) 563-0114

Attorneys for Plaintiff, CAYLA R., by and through her Conservator, CATHLEEN R.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CAYLA R., by and through her Conservator, CATHLEEN R.,<br><br>    Plaintiffs,<br>vs.<br><br>MORGAN HILL UNIFIED SCHOOL DISTRICT; THOMAS FRIED; CHRISTOPHER RIZZUTO; and JAY TROTTER,<br><br>    Defendants. | Case No. CV 10-04312-JW<br><br>Honorable James Ware<br><br>STIPULATION TO EXTEND DEADLINE TO COMPLETE MEDIATION AND [PROPOSED] ORDER AMENDING THE COURT'S PRIOR ORDER SETTING MEDIATION COMPLETION DATE;<br><br>*[filed concurrently with Declaration of Hans Gillinger Re the within Stipulation]* |

- 1 -
STIPULATION AND [PROPOSED] ORDER TO EXTEND MEDIATION COMPLETION DATE

WHEREAS on September 23, 2010, this Court issued a Case Management Order Setting Initial Case Management Conference and ADR Deadlines, Re ADR (document 2), which required plaintiff CAYLA R. (hereinafter "Plaintiff") and defendants MORGAN HILL UNIFIED SCHOOL DISTRICT, JAY TOTTER, THOMAS FRIED, and CHRISTOPHER RIZZUTO (collectively hereinafter "Defendants") to meet and confer regarding ADR selection;

WHEREAS Plaintiff and Defendants (collectively hereinafter "Parties") met and conferred to discuss ADR options (document 4, 5), and agreed to participate in and select the ADR process of Mediation pursuant to ADR Local Rule 6 (Declaration of Hans Gillinger in support of the Parties Stipulation to Extend Deadline to Extend Mediation Completion Date (See concurrently filed Declaration of Hans Gillinger, Exhibit "A," at ¶ 3);

WHEREAS on November 8, 2010, the Parties filed a stipulation and [Proposed] Order (document 3) selecting Mediation, and agreeing to hold Mediation by the presumptive deadline fixed by ADR Local Rule 6-4(b) (*Id*, at ¶ 3);

WHEREAS on November 19, 2010, Magistrate Judge Howard R. Lloyd granted the Parties stipulation, referred the Parties to Mediation, and set a mediation completion date of "90 days from the date of this order" (document 12) (*Id*. at ¶ 4);

WHEREAS February 17, 2011 is ninetieth day from the date of Magistrate Judge Howard R. Lloyd November 19, 2010 Order;

WHEREAS on November 29, 2010, Defendants filed a Rule 12 Motion to Dismiss and strike portions of the Complaint, which was properly noticed for hearing on January 11, 2011 (document 14) (*Id*. at ¶ 5);

///
///
///
///

WHEREAS on December 3, 2010 this Court issued a Reassignment Order (document 18) vacating all pending all then-presently pending matters, and ordering the Parties to re-file and re-notice any then-pending motions (Defendants' Rule 12 Motion (document 14) was the only pending motion at the time), following reassignment of this case to the Honorable James Ware (*Id.* at ¶ 6);

WHEREAS on December 23, 2010 Defendants timely and properly re-filed the Rule 12 Motion and Defendants also properly re-noticed the hearing on said motion on March 14, 2011 (document 23) (*Id.* at ¶ 6);

WHEREAS on December 16, 2010, this Court issued a Notice of Assignment of Mediator Gretchen Schnetzler (hereinafter "Mediator") to serve as the Parties mediator in this matter (document 20) (*Id.* at ¶ 7);

WHEREAS the Mediator promptly set a telephonic pre-mediation status conference under ADR Local Rule 6-6, and convened same on or about January 13, 2011 to discuss selection of a mutually convenient date and location for the mediation within the deadlines set by the Court (*Id.* at ¶ 8);

WHEREAS at the pre-mediation status conference the Parties believed that prior Orders of this Court vacated the February 17, 2011 Mediation Completion date, and met and conferred about filing a stipulated request for an Order extending the deadline to complete mediation, if necessary (*Id.* at ¶ 9);

WHEREAS at the pre-mediation status conference the Parties agreed that mediation must follow the Court's ruling on Defendants' pending Rule 12 Motion (document 23) in order to ascertain what, if anything, will be put in issue by the Complaint of Plaintiff, and the Parties further agreed that settlement efforts are premature until after the Court's rules on Defendants' pending Rule 12 Motion (document 23) (*Id.* at ¶ 10);

///

///

///

- 3 -
**STIPULATION AND [PROPOSED] ORDER TO EXTEND MEDIATION COMPLETION DATE**

WHEREAS at the pre-mediation status conference the Parties agreed to stipulate to request that this Court extend the deadline to complete mediation to a date between thirty (30) and sixty (60) days after the March 14, 2011 hearing on Defendants' Rule 12 Motion (document 23), and specifically agreed to May 13, 2011 as a mutually convenient date for the Parties and Mediator to hold Mediation, if the Court grants the within requested request to extend the mediation completion date (*Id.* at ¶ 10);

WHEREAS May 13, 2011 is sixty days after the March 14, 2011 hearing on Defendants' Rule 12 Motion (document 23);

WHEREAS the Mediator conferred with the Parties and set a "default date" for mediation of May 13, 2011 to begin at 10:00 a.m. and to be held at on the sixteenth floor of the courthouse in San Francisco because the Mediator was not able to confirm whether Orders of this Court continued the mediation completion date and agreed to later notify the Parties whether the mediation completion date remained, or whether the Parties must stipulate to an extension (*Id.* at ¶ 10);

WHEREAS the rescheduling of mediation to May 13, 2011 shall in no way interfere with the progress of discovery or other aspects of the litigation and shall not impact any dates set by this Court apart from the mediation completion date (*Id.* at ¶ 11);

WHEREAS on January 19, 2011, the Mediator notified the Parties via email correspondence that the Mediator had spoken with the ADR Case Administrator, Claudia Forehand, who informed the Mediator that the current mediation completion date is March 11, 2011, rather than February 17, 2011 as Ordered by Magistrate Judge Howard R. Lloyd on November 19, 2010 (document 12) (*Id.* at ¶ 12);

///
///
///

WHEREUPON pursuant to *Federal Rule of Civil Procedure* 16(d), ADR Local Rule 6-5(a), and Civil Local Rule 7, the Parties stipulate to an extension of the deadline from the current date of either February 17, 2011 or March 11, 2011 **to May 20, 2011** to allow the Parties to Mediate this matter on the agreed-upon date of May 13, 2011, and respectfully seek an Order from this Court in this regard.

DATED:   January 25, 2011          RUDERMAN AND KNOX

By /S/ CHRISTIAN KNOX
CHRISTIAN KNOX
Attorneys for Plaintiff, CAYLA R., by and through her Conservator, CATHLEEN R.

DATED:   January 25, 2011          GIBEAUT, MAHAN & BRISCOE

By /S/ HANS GILLINGER
HANS ALBERT GILLINGER
Attorneys for Defendants, MORGAN HILL UNIFIED SCHOOL DISTRICT; THOMAS FRIED; CHRISTOPHER RIZZUTO; and JAY TROTTER

# [~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties hereto, the Court GRANTS the parties' request and AMENDS the deadline to complete mediation from the current date of [February 17, 2011] [March 11, 2011] **to May 20, 2011** to allow the parties to Mediate this matter on May 13, 2011, the date mutually selected by the parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: January 28, 2011

_____
Hon. James Ware,
Chief District Judge of the United States District Court for the Northern District of California

- 7 -

## SIGNATURE ATTESTATION

Pursuant to General Order No. 45(x)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/S/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

DATED:   January 25, 2011              GIBEAUT, MAHAN & BRISCOE


                                       By      /S/ HANS GILLINGER
                                       HANS ALBERT GILLINGER
                                       Attorneys for Defendants,
                                       MORGAN HILL UNIFIED
                                       SCHOOL DISTRICT;
                                       THOMAS FRIED;
                                       CHRISTOPHER RIZZUTO; and
                                       JAY TROTTER