1  F. Richard Ruderman (SB No. 142226)
   Christian M. Knox (SB No. 171780)
2  Ruderman & Knox, LLP
   2020 Hurley Way, Suite 405
3  Sacramento, CA  95825
   Telephone: (916) 563-0100
4  Facsimile: (916) 563-0114

5  Attorneys for Plaintiffs

6  Gary Robert Gibeaut (SB No. 70951)
   Nancy Mahan-Lamb (SB No. 117997)
7  Hans Albert Gillinger (SB No. 243973)
   Karen J. Manabo (SB No. 274527)
8  Gibeaut, Mahan & Briscoe
   6701 Center Drive West, Suite 611
9  Los Angeles, CA 90045
   Telephone: (310) 410-2020
10 Facsimile: (310) 410-2010

11 Attorneys for Defendants

*[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — DENIED — Judge James Ware — 3/7/2011]*

13               UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

16  CAYLA R., by and through her Conservator,)   CASE NO:  CV 10-04312-JW
    CATHLEEN R.                              )
17                                           )   **STIPULATION FOR ENLARGEMENT OF**
                    Plaintiffs,              )   **TIME LINES; [PROPOSED] ORDER;**
18  vs.                                      )   **DECLARATION OF CHRISTIAN M. KNOX**
                                             )
19  MORGAN HILL UNIFIED SCHOOL               )
    DISTRICT, et al.,                        )
20                                           )
                    Defendants.              )
21  _____)

22       WHEREAS on September 23, 2010, the Court issued an initial Case Management Order Setting

23 Initial Case Management Conference and ADR Deadlines (document 2);

24       WHEREAS on December 3, 2010, the Court, on its own motion, issued a Reassignment Order

25 (document 18) vacating all pending and then-presently pending matters, and ordering the Parties to re-file

26 and re-notice any then-pending motions (Defendants' Rule 12 Motion (document 14) was the only

27 pending motion at the time), following reassignment of this case to the Honorable James Ware;

28       WHEREAS on December 20, 2010, Defendants re-filed their Motion to Dismiss under Rule 12

1  and re-noticed hearing on that motion for March 14, 2011 (document 23);

2  WHEREAS on December 29, 2010, this Court then issued a Case Management Order setting the
3  Joint Case Management Conference for March 14, 2011 (document 24);

4  WHEREAS on January 3, 2011, the parties participated in the pre-mediation status conference
5  and mutually agreed to extend the time period to complete mediation pending the Court's ruling on the
6  Motion to Dismiss (document 23);

7  WHEREAS on January 25, 2011, the parties stipulated to extend the deadline to complete
8  mediation to May 20, 2011 (document 30);

9  WHEREAS on January 28, 2011, the Court granted the parties' request to complete mediation
10  by May 20, 2011 in an Order so stating (document 30);

11  WHEREAS counsel for Plaintiff inadvertently missed the February 17, 2011 deadline to submit
12  Plaintiff's Opposition to the Rule 12 Motion (See Attached Declaration of Christian M. Knox at ¶¶ 3-10);

13  WHEREAS the Federal Rules of Civil Procedure provide that opposition to a motion can be
14  accepted, even though untimely upon a "motion made . . . if the party failed to act because of excusable
15  neglect." Fed. R. Civ. P. 6(b)(1)(B);

16  WHEREAS the Plaintiffs' inadvertence in this matter amounts to "excusable neglect" on the part
17  of counsel, considering the factors proposed by the U.S. Supreme Court in *Pioneer Inv. Servs. Co.v.*
18  *Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993): (1) the
19  danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial
20  proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the
21  movant, and (4) whether the movant acted in good faith;

22  WHEREAS the parties now agree to this stipulation requesting that the Court enlarge the time line
23  for this case, by moving all dates out by five weeks;

24  WHEREAS April 18, 2011, is five weeks from March 14, 2011, the current date set for the Joint
25  Case Management Conference and the Hearing on Defendants' Rule 12 Motion (document 23);

26  WHEREAS June 24, 2011, is five weeks from May 20, 2011, the current date set for completion
27  of mediation;

28  ///

WHEREAS enlarging the time line in this case by five weeks will in no way interfere with the progress of discovery or other aspects of this litigation;

WHEREUPON pursuant to Federal Rule of Civil Procedure 16(d) and Civil Local Rule 7, the Parties stipulate to enlarge the time line of this case by moving the March 14, 2011 hearing date on Defendants' Rule 12 motion to dismiss, by five weeks, to **April 18, 2011**, by moving the March 14, 2011 Case Management Conference, by five weeks, to **April 18, 2011**, and by also moving the current date for completion of mediation from May 20, 2011, by five weeks, to **June 24, 2011**. The Parties respectfully seek an Order from this Court in this regard.

DATED: March 3, 2011                    /S/ CHRISTIAN M. KNOX
                                        CHRISTIAN M. KNOX
                                        Attorney for Plaintiffs, CAYLA R., by and
                                        through her Conservator, CATHLEEN R.

DATED: March 3, 2011                    /S/ NANCY MAHAN-LAMB
                                        NANCY MAHAN-LAMB
                                        Attorney for Defendants,
                                        MORGAN HILL UNIFIED SCHOOL DISTRICT;
                                        THOMAS FRIED; CHRISTOPHER RIZZUTO;
                                        and JAY TROTTER

1   [PROPOSED] ORDER

2

3    In light of the Court's closure of the April 18th calendar and the pending disposition of

4   Defendant's Motion to Dismiss the Court DENIES the parties' stipulation to continue the March 14,

5   2011 hearing.  The March 14, 2011 hearing remains on calendar at 9:00 AM as previously noticed.

6

7

8

9

10

11

12

13  DATED: _____March 7, 2011_____

14

15                                                    _____
16                                                    Hon. James Ware,
                                                      District Judge of the United States District
17                                                    Court for the Northern District of California

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Order for Enlargement of Time Lines                                    Page 4
C. v. Morgan Hill Unified School District



# DECLARATION OF CHRISTIAN M. KNOX

I, CHRISTIAN M. KNOX, declare as follows:

1. I am an attorney licensed to practice before the United States District Court, Northern District, and one of the attorneys of record for Plaintiffs herein. The facts contained in this declaration are true of my own knowledge and if called upon as a witness I could, and would, competently testify hereto.

2. Currently, I am the lead attorney in this case and responsible for ensuring all deadlines are appropriately calendared.

3. On December 24, 2010, my office received the Defendant's Motion to Dismiss. On that same date I instructed my paralegal to calendar the due date for the opposition to the Motion to Dismiss.

4. The due date for the Joint Case Management Statement was calendared for March 4, 2011.

5. The due date for the opposition to the Motion to Dismiss was calendared for the same date.

6. I failed to double check the dates calendared to ensure the opposition date was correctly calendared.

7. My calendar has been unusually congested during the past thirty days. I was in trial during the week of February 7, 2011, and have had multiple mediations out of the office during the week of February 14, and February 22, 2011.

8. On March 1, 2011, at 5:54 p.m. I received an email from my paralegal informing me of the error.

9. Immediately upon receiving notification of the error, I began preparing a Motion for Enlargement.

10. On March 2, 2011, my office contacted Defendants' counsel, Nancy Mahan-Lamb in an attempt to obtain a stipulation to extend the time line for hearing the Rule 12 motion, and to allow for the timely submission of Plaintiff's Opposition.

11. After discussions with opposing counsel, both parties agreed to stipulate to extend the date for hearing on the Rule 12 motion, currently set for March 14, 2011, by five weeks, to April 18, 2011.

12. Both parties agreed to extend the date set to complete mediation by five weeks as well, from the current date of May 20, 2011, to June 24, 2011.

13. Neither party believes they would be prejudiced by a five week extension.

14. The time line on this case has previously been modified once, by an Order of Reassignment on the Court's own motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of March, 2011, at Sacramento, California.

DATED: March 3, 2011

/S/ CHRISTIAN M. KNOX
CHRISTIAN M. KNOX
Attorney for Plaintiffs

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(x)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/S/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

DATED: March 3, 2011                                                RUDERMAN & KNOX

                                                                By:   /S/ CHRISTIAN M. KNOX
                                                                      CHRISTIAN M. KNOX
                                                                      Attorney for Plaintiffs