1
2
3
4
5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CAYLA R., et al., | ) | Case No. 5:10-CV-04312 EJD |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANTS'** |
| v. | ) | **MOTION TO DISMISS** |
| | ) | |
| MORGAN HILL UNIFIED SCHOOL | ) | **(Re: Docket Item No. 44)** |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

Presently before the court is Defendants' motion to dismiss Plaintiffs Cayla R. and Cathleen R.'s ("Plaintiffs") First Amended Complaint ("FAC").  <u>See</u> Docket Item No. 44.  Defendants are Morgan Hill Unified School District ("District"), and its employees, Thomas Fried and Christopher Rizzuto (collectively "Defendants").[1]  As in their motion to dismiss Plaintiffs' Complaint, Defendants claim that Plaintiffs have failed to exhaust administrative remedies pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., and, therefore, cannot litigate their claims in federal court.

Based on the parties' submissions and oral argument, the court grants in part and denies in part Defendants' motion to dismiss.

---

[1] Jay Totter was named as a defendant in the Complaint, but is not a named defendant in the FAC. Accordingly, the court presumes that any claims against Jay Totter are dismissed.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

This action is brought by Plaintiff Cayla R., by and through her conservator Cathleen R., against Defendants for violation of Section 504 of the Rehabilitation Act of 1973 ("§ 504"), 29 U.S.C. §§ 794 *et seq*.  Cayla is an adult student with a disability who is entitled to protection under § 504.

According to the FAC, Cayla is eighteen years old and suffers from Glycogen Storage Disease, a disease that affects her blood sugar levels.  See FAC, Docket Item No. 39, at ¶ 32.  When she was three and a half years old, she fell into a six-week coma as a result of her disease, which severely diminished her brain function.  Id. at ¶ 33. Currently, Cayla uses only a few words, has limited physical mobility, suffers from seizures, and receives food through a tube.  Id.

Plaintiffs allege that from March 1999 through March 2010, the District failed to provide Cayla with appropriate educational services.  Id. at ¶ 14.  On June 4, 2008, Plaintiffs filed an administrative action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, because Cayla had not been provided with a complete Individualized Education Program ("IEP") and had been denied a free appropriate public education ("FAPE") due to a lack of appropriate services.  Id. at ¶ 19.  The parties reached a settlement agreement on October 3, 2008.  Id. at ¶ 20.  The agreement resolved all claims through October 31, 2008 and required the District to arrange and fund IEP assessments for Cayla.  Id. at ¶¶ 36-37.

According to the FAC, the District failed to ensure the assessments were completed in a timely manner and only provided Cayla with home and hospital instruction through approximately March 1, 2010.  Id. at ¶¶ 38-40.  The District failed to provide Cayla with assistive technology and augmentative communication devices, which she required to meet her educational needs.  Id. at ¶ 43.

Plaintiffs filed a second administrative complaint on April 7, 2009, and a third complaint was filed on October 8, 2009.  Id. at ¶¶ 21-22.  The California Office of Administrative Hearings ("OAH") conducted a hearing in March 2010; in April 2010 Administrative Law Judge ("ALJ") Richard T. Breen issued a decision finding that the District had denied Cayla a FAPE for the 2008-09 school year and the 2009-10 school year through October 8, 2009.  Id. at ¶¶ 22-25.  The District

2

United States District Court
For the Northern District of California

1    was ordered to reimburse Cayla's parents for the cost of assistive services and to provide 384 hours

2    of assistive, educational, and therapeutic services.  Id. at ¶ 25.  On June 17, 2010, the District

3    completed an IEP for Cayla.  Id. at ¶ 44.  On July 9, 2010, Plaintiffs filed a fourth administrative

4    complaint under IDEA based on Defendants' persistent failure to offer Cayla an appropriate

5    placement and related services during the 2009-10 school year.  Id. at ¶ 26.  The parties reached a

6    settlement agreement on November 15, 2010.  Id. at ¶ 27.

7        Plaintiffs allege that they attempted to prepare a complaint against the District for excluding

8    Cayla from educational access in violation of § 504 of the Rehabilitation Act.  As such, on

9    February 10, 2010, Plaintiffs requested a copy of procedural safeguards applicable to § 504

10   complaints against the District, but they were never provided with a complete copy.  Id. at ¶¶ 45-

11   49.

12       On September 23, 2010, Plaintiffs filed a Complaint against Defendants alleging three

13   causes of action: (1) violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 749 et seq.;

14   (2) breach of contract; and (3) violation of the Equal Protection Clause of the Fourteenth

15   Amendment pursuant to 42 U.S.C. § 1983.  See Complaint, Docket Item No. 1.  On November 19,

16   2010, the matter was referred to mediation.  See Docket Item No. 12.  Defendants filed a motion to

17   dismiss Plaintiffs' Complaint on December 23, 2010.  See Docket Item No. 23.  Judge James Ware

18   granted Defendants' motion to dismiss the Complaint with leave to amend on March 10, 2011.  See

19   Docket Item No. 38.  The case was transferred to this court on April 25, 2011.

20       On April 11, 2011, Plaintiffs filed their FAC against the District and its employees alleging

21   a violation of § 504 of the Rehabilitation Act from October 31, 2008 through March 1, 2010.  See

22   Docket Item No. 39, at ¶ 29.  Plaintiffs seek damages, which are not available under the IDEA.  Id.

23                   **III.    JURISDICTION**

24       Federal courts are courts of limited jurisdiction, possessing only that power authorized by

25   Article III of the United States Constitution and statutes enacted by Congress pursuant thereto.  See

26   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  The Constitution grants federal

27   courts jurisdiction over "all Cases, in Law and Equity, arising under this Constitution [and] the

28

3

1  Laws of the United States."  U.S. Cont. art. III, § 2, cl. 1.  Here, Plaintiff raises federal claims

2  under 29 U.S.C. § 749.

3                                    **IV.      DISCUSSION**

4          Defendants move to dismiss Plaintiffs' § 504 claims, arguing that Plaintiffs failed to

5  exhaust their administrative remedies under the IDEA or plead excusal under a recognized

6  exception to the IDEA exhaustion requirement.  Plaintiffs argue that the FAC is an action to

7  redress the deprivation of rights secured by the Rehabilitation Act and therefore does not require

8  exhaustion under the IDEA.  However, if exhaustion is required, Plaintiffs claim that they have

9  exhausted all remedies available under the IDEA by utilizing the Act's formal and informal

10  administrative procedures.  Plaintiffs further claim that exhaustion is excused because it would be

11  futile and inadequate.

12  **A.  The Individuals with Disabilities Education Act and the Rehabilitation Act of 1973**

13          The IDEA provides federal money to state and local education agencies to assist in

14  providing education to disabled children.  The principal purpose of the Act is "to ensure that all

15  children with disabilities have available to them a free appropriate public education . . . [and] to

16  ensure that the rights of children with disabilities and parents of such children are protected."  20

17  U.S.C. § 1400(d).  States participating in the IDEA are required to provide students with

18  disabilities with an IEP in furtherance of the goal of providing students with an appropriate public

19  education.  20 U.S.C. § 1412(a)(1)(A), (a)(4).

20          Furthermore, the IDEA provides procedural safeguards to allow parental involvement

21  concerning the child's educational program and allows parents to obtain administrative and judicial

22  review of decisions they deem unsatisfactory or inappropriate.  Honig v. Doe, 484 U.S. 305, 311-

23  12 (1988).  This includes an opportunity to present complaints, mediate disputes, secure an

24  impartial due process hearing with respect to any complaint, and to appeal any decisions and

25  findings to the state educational agency.  Id.; Payne v. Peninsula Sch. Dist., 653 F.3d 863, 871 (9th

26  Cir. 2011).  The remedies available under the IDEA are in addition to the remedies parents and

27  students have under other laws.  The IDEA's exhaustion requirement only applies when the civil

28  action brought under another law "'seek[s] relief that is also available' under the IDEA."  Payne,

**United States District Court**
For the Northern District of California

653 F.3d at 872.  Accordingly, a plaintiff must exhaust the remedies available to them under the IDEA before they seek the same relief under other laws.  Id.

While the IDEA focuses on the provision of appropriate public education to disabled children, the Rehabilitation Act of 1973 more broadly addresses the provision of state services to disabled individuals.  Mark H. v. Lemahieu, 513 F.3d 922, 929 (9th Cir. 2008).  Section 504 of the Rehabilitation Act, which applies to all public schools receiving federal funding, states, in part, that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794.  The Department of Education's regulations interpreting § 504  require recipients of federal funds to "provide a free appropriate public education to each qualified handicapped person," and define "appropriate education" as: "regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met . . . ."  Mark H., 513 F.3d at 929 (quoting 34 C.F.R. § 104.33(a),(b)).  Section 504 establishes an implied private right of action that allows victims of prohibited discrimination, exclusion, or denial of benefits to seek "the full panoply of remedies, including equitable relief and [compensatory] damages."  Id. at 930 (quoting Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1107 (9th Cir. 1987)).

## 1.  IDEA Exhaustion Requirement

The IDEA includes an exhaustion requirement before a civil action may be filed if a plaintiff is seeking relief that would also be available under the IDEA.  The exhaustion requirement states:

> ". . . before the filing of a civil action under [the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities] seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."
>
> 20 U.S.C. § 1415(l).

5

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The exhaustion provision in the IDEA is designed to allow state and local agencies to exercise discretion and education expertise by giving "agencies the first opportunity to correct shortcomings in their educational programs . . . ." Payne, 653 F.3d at 875-76 (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992)). The provision applies only in cases where the relief sought by plaintiff is available under the IDEA. Id. at 871. If the claims are non-IDEA claims, and do not seek relief available under the IDEA, those claims are not subject to the exhaustion requirement, even if the alleged injury could have been redressed by the IDEA. Id.

In Payne v. Peninsula School District, a decision which is binding upon this court, the Ninth Circuit recently clarified that the IDEA's exhaustion requirement is a claims processing provision that IDEA defendants may offer as an affirmative defense and is not a prerequisite to the exercise of federal subject matter jurisdiction.[2]  Payne, 653 F.3d at 867, 870. In the Ninth Circuit, "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion . . . ." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, the dismissal of an action based on failure to exhaust administrative remedies under § 1415(l) may properly be brought as an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). As a general matter, dismissal of an action based on failure to exhaust administrative remedies is not a decision on the merits of the case. Payne, 653 F.3d at 881 (quoting Wyatt, 315 F.3d at 1119). Generally, in deciding an unenumerated motion to dismiss, the court may look beyond the pleadings to decide disputed issues of fact. Id. The court may decide disputed issues of fact to the extent that they are necessary in deciding whether a plaintiff has adequately exhausted administrative remedies. Id. Failure to exhaust administrative remedies should result in a dismissal without prejudice. Id.

Contrary to Defendants' argument in their motion to dismiss, the IDEA exhaustion requirement is not jurisdictional. Payne, 653 F.3d at 870-71. The IDEA exhaustion requirement is more flexible than a rigid jurisdictional limitation and "is subject to certain exceptions . . . ." Id. at

---

[2] The Ninth Circuit reminds us that the term "jurisdictional" applies only to "'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating [the court's adjudicatory] authority." Payne, 653 F.3d at 868 (quoting Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010)).

Case No. 5:10-CV-04312 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1   870 (quoting Hoeft, 967 F.2d at 1302-03).  Although Defendants' motion seeks to dismiss the FAC

2   based on Rule 12(b)(1), the court will address the substance of Defendants' motion as if it were

3   pled as an affirmative defense pursuant to an unenumerated Rule 12(b) motion to dismiss.  See

4   D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist., 2011 WL 5828187 (E.D. Cal. Nov. 18, 2011).

5          In the instant case, Plaintiffs seek monetary damages, which are ordinarily unavailable

6   under the IDEA.  In Witte v. Clark County School District, 197 F.3d 1271 (9th Cir. 1999),

7   overruled by Payne, 653 F.3d 863, the Ninth Circuit held that the IDEA's exhaustion provision did

8   not apply to plaintiffs who claimed their child suffered physical and emotional abuse at school

9   when the complaint sought only retrospective monetary damages.  Subsequently, in Robb v. Bethel

10  School District #403, 308 F.3d 1047 (9th Cir. 2002), overruled by Payne, 653 F.3d 863, where

11  plaintiffs similarly limited their prayer for relief to money damages, the Ninth Circuit decided that

12  a plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting relief to money

13  damages.  The court held that the IDEA's exhaustion requirement applied to any case in which a

14  plaintiff "alleged injuries that could be redressed to any degree by the IDEA's administrative

15  procedures and remedies."  Id. at 1050.

16         In Payne, the Ninth Circuit overruled its earlier decisions and clarified that "[t]he IDEA's

17  exhaustion requirement applies to claims only to the extent that the relief actually sought by the

18  plaintiff could have been provided by the IDEA . . . we reject the 'injury-centered' approach

19  developed by Robb and hold that a 'relief-centered' approach more aptly reflects the meaning of

20  the IDEA's exhaustion requirement."  Payne, 653 F.3d at 874.  Accordingly, this court must look at

21  the FAC's prayer for relief and determine whether the relief sought is also available under the

22  IDEA.  Id. at 875.

23         Where a plaintiff is seeking money damages, as in this case, courts should not engage in the

24  same depth of speculation as the Ninth Circuit did in Robb.  Payne, 653 F.3d at 876.  In Payne, the

25  Ninth Circuit noted that a plaintiff cannot avoid the IDEA's exhaustion requirement by limiting

26  relief to money damages, but it is also not proper, especially in the context of motions to dismiss or

27  summary judgment motions, for courts to assume that money damages will be used for forms of

28  relief available under the IDEA.  Id. at 877.  However, if the measure of a plaintiff's damages is the

7

1    cost of relief available under the IDEA (such as the cost of counseling, tutoring, or private school),

2    then exhaustion is required.  Id.  To the extent that money damages would function as a substitute

3    for relief under the IDEA, a plaintiff cannot evade the exhaustion requirement by limiting the

4    prayer for relief to money damages.  Id.

5            Under the relief-centered approach, the IDEA requires exhaustion in three situations: (1)

6    when a plaintiff seeks an IDEA remedy or its functional equivalent; (2) when a plaintiff seeks

7    prospective injunctive relief to alter an IEP or the educational placement of a disabled student; and

8    (3) where a plaintiff seeks to enforce rights that arise as a result of a denial of a FAPE, even if the

9    claim is based on a cause of action other than the IDEA.  Id. at 875, 880.  In the third situation, the

10   court explicitly notes that if a claim for damages under § 504 of the Rehabilitation Act is premised

11   on a violation of the IDEA, relief flows directly from the IDEA, and therefore exhaustion is

12   required.  Id.  To assess whether the exhaustion requirement has been met, courts must look at a

13   fact-specific assessment of the affirmative defense.  Id. at 870.

14           At this point, the court must decide whether Plaintiffs' causes of action are premised on a

15   violation of the IDEA.  In the present case, Plaintiffs seek damages under § 504 for violations that

16   arise out of deliberate indifference to Cayla's needs and rights from October 31, 2008 through

17   March 1, 2010.  Plaintiffs' FAC states that Defendants "failed to provide Cayla R. with appropriate

18   educational services" and discriminated against Cayla by denying her access to an education.  See

19   Docket Item No. 39, at ¶¶ 14, 53, 64.  Plaintiffs allege that from 2003 to 2008 Cayla was "virtually

20   ignored" by the District (id. at ¶ 15); that between 2007 and March 1, 2010 Cayla received only

21   home and hospital instruction (id. at ¶ 16); that since March 1999 Cayla's parents "have been left

22   on their own to create an educational program and design educational therapies" (id. at ¶ 17); and

23   that Cayla has lost the benefit of participating in the community and interacting with other students

24   (id. at ¶ 61).  Plaintiffs allege that they incurred numerous expenses in their attempts to obtain

25   educational services for Cayla.  Id. at ¶ 61.  In their opposition to Defendants' motion, Plaintiffs

26   contend that the discrimination against Cayla "reaches farther and wider than a denial of a

27   [FAPE]."  See Docket Item No. 50, at 5.

28

Case No. 5:10-CV-04312 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  According to the standard set forth by the Ninth Circuit in Payne, the court concludes the

2  claims by Plaintiffs are premised on a violation of the IDEA, stemming from the denial of a FAPE.

3  Plaintiffs allege that Defendants failed to provide Cayla's with appropriate educational services,

4  which is precisely the type of violation that stems from the denial of a FAPE.  As such, IDEA

5  exhaustion is required.

6  In the FAC, Plaintiffs fail to allege that they raised a § 504 discrimination claim during any

7  administrative hearing.[3]  As was previously decided by Judge James Ware in the order granting

8  Defendants' motion to dismiss the original Complaint (see Docket Item No. 38), the court again

9  finds that Plaintiffs do not show exhaustion of their § 504 claim under the IDEA requirement.[4]

10  **2.  Excuse of IDEA Exhaustion Requirement**

11  Plaintiffs contend that exhaustion of the § 504 claims under the IDEA procedures would be

12  futile and inadequate.  Even where exhaustion of administrative remedies under the IDEA is

13  required, the Ninth Circuit recognizes exceptions if "(1) it would be futile to use the due process

14  procedures [of the IDEA]; (2) an agency has adopted a policy or pursued a practice of general

15  applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by

16  pursuing administrative remedies . . . ."  Hoeft, 967 F.2d at 1303-04 (quoting H.R. Rep. No. 296,

17  99th Cong., 1st Sess. 7 (1985)).

18  In dismissing the original Complaint with leave to amend, Judge Ware found that Plaintiffs

19  did not allege facts sufficient to show the futility or inadequacy of Defendants' administrative

20  procedures or remedies.  See Docket Item No. 38.  In the FAC, Plaintiffs argue that because they

21  seek money damages under the Rehabilitation Act, which are not available under IDEA, any

22  further requirement of exhaustion of these claims under IDEA procedures would be futile and

---

[3] At least two federal district courts in California have concluded that a claim is exhausted under IDEA when a due process hearing is filed with the OAH and the claim is dismissed by OAH for lack of jurisdiction.  See Y.G. v. Riverside Unified Sch. Dist., 774 F.Supp.2d 1055, 1062 (C.D. Cal. 2011); D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist., 2012 WL 253224 (E.D. Cal. 2012).

[4] See K.C. ex rel. Rick v. Upland Unified Sch. Dist., No. 06-1314-VAP, 2008 WL 4553212 (C.D. Cal. 2008) (Where plaintiff sought relief available under the IDEA but did not raise his § 504 claim before an ALJ, the claim was dismissed.  However, the court did not discuss whether the exhaustion requirement was excused and this case was decided prior to the Ninth Circuit's decision in Payne.)

9

Case No. 5:10-CV-04312 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1   inadequate.  However, simply seeking money damages is not enough to excuse the administrative

2   exhaustion of Plaintiffs' claims.  As discussed previously, the claims are premised on a violation of

3   the IDEA and asking for money damages does not automatically excuse the IDEA's exhaustion

4   requirement.

5           Additionally, Plaintiffs allege that the District failed to provide a complete copy of its § 504

6   procedural safeguards, preventing Plaintiffs from preparing a § 504 complaint.[5]  However, it is

7   unclear why this would have prevented Plaintiffs from preparing a complaint or raising their § 504

8   claims at an administrative hearing.

9           Plaintiffs further allege that administrative exhaustion through IDEA procedures would be

10  futile because decisions issued in a number of OAH cases state that the OAH does not have

11  jurisdiction to hear claims based on violations of § 504 of the Rehabilitation Act.  Thus, an

12  administrative forum is unavailable through the OAH for these complaints and bringing such a

13  claim to the OAH would not serve the purposes of exhaustion.  Plaintiffs' claim is supported by a

14  number of similar cases in which § 504 claims were dismissed by the OAH for lack of jurisdiction.

15  See E.S. v. Konocti Unified Sch. Dist., No. 10-cv-02245, 2010 WL 4780257, at *4 (N.D. Cal.

16  2010); Y.G. v. Riverside Unified Sch. Dist., 774 F.Supp.2d 1055, 1062 (C.D. Cal. 2011); Z.F. ex

17  rel. M.A.F. v. Ripon Unified Sch. Dist., 2011 WL 320249, at *4 (E.D. Cal. 2011) ("Here,

18  [plaintiffs] could not present Section 504 and ADA claims to the OAH since the OAH lacks

19  jurisdiction to hear those claims."); D.C. ex rel. T.C. v. Oakdale Joint Unified School Dist., 2012

20  WL 253224, at *8 (E.D. Cal. 2012).  In the FAC, Plaintiff points to at least ten OAH orders and

21  decisions stating that the OAH has no jurisdiction to hear claims based on violations of § 504.  See

22  Docket Item No. 39, at ¶ 50.  The court finds that exhausting administrative remedies under IDEA

23  for the § 504 claims would be futile because the OAH routinely dismisses claims brought under §

24  504 for lack of jurisdiction.  Accordingly, the exhaustion requirement is excused.

25

26

27  _____
    [5] The portion of the District's § 504 procedures includes information regarding the existence and
    availability of administrative options.  The copy of the procedural safeguards show that the District
28  made clear that § 504 complaints are conducted by OCR and identifies the District's § 504
    Coordinator.

Case No. 5:10-CV-04312 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**B. Eleventh Amendment**

Defendants argue that Plaintiffs' § 504 claim for money damages against the District's employees in their official capacity should be dismissed as barred by the Eleventh Amendment. Plaintiffs, in their opposition, do not contest Defendants' argument.

The Eleventh Amendment generally bars suits against state officials sued in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The Ninth Circuit has held that a plaintiff may assert a § 504 claim against a state official in his or her official capacity when the plaintiff is seeking only prospective injunctive relief. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1189 (9th Cir. 2003); Han v. U.S. Dep't of Justice, 45 F.3d 333, 338 (9th Cir. 2000). Because Plaintiffs are seeking monetary damages, and are not seeking any prospective injunctive relief, Plaintiffs' § 504 claims against the District's employees must be dismissed.

## V.   CONCLUSION

For the reasons discussed above, the court finds that Plaintiffs' § 504 claim stems from a denial of a FAPE, and is therefore subject to the IDEA's exhaustion requirement. However, the exhaustion requirement is excused because of futility. Accordingly, Defendants' motion to dismiss the First Claim for Relief in Plaintiffs' FAC is DENIED. Furthermore, the court finds that Plaintiffs are barred from suing the District's employees in their official capacity for monetary damages. Accordingly, Defendants' motion to dismiss Plaintiffs' Second Claim for Relief in the FAC is GRANTED.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: March 27, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:10-CV-04312 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS